## Case No. 1,869.

### In re BRIGGS.

[3 N. B. R. (1870) 638 (Quarto, 157);[1] 2 Chi. Leg. News, 218.]

District Court, E. D. Michigan.

UNITED STATES MARSHAL — WARRANT IN BANKRUPTCY—PROPERTY OF BANKRUPT.

A transferred property to B, with a view to giving a preference. C purchased a portion of said property from B. The marshal seized the property and effects of A, including that purchased by C, under warrant, whereupon C prays the court to order a return of same. The marshal, under a warrant issued in accordance with section 40 of the bankrupt law [of 1867; 14 Stat. 537], may take possession of the property of the debtor wheresoever and in whose hands soever he may find it. If indemnified, it is made his duty in the one case to retain possession, and to take possession in the other. With indemnity, he would be liable if he did not exercise his authority—without it, it is optional with him.

In bankruptcy.

LONGYEAR, District Judge. February 10, 1870, a petition was filed by a creditor of Briggs, praying that he be declared a bankrupt. The act of bankruptcy charged is transfer of property by Briggs to one Kenyon, with a view to give a preference to said Kenyon, and otherwise in violation of section 35 of the bankrupt act. On filing the petition, a warrant was issued under section 40, for seizing the property and effects of the debtor. Under the warrant the marshal took possession of all the property claimed to have been so transferred by Briggs to Kenyon, all of which he found in Kenyon's possession, except one cow and one calf, which he found in possession of one Goodrich. Goodrich now comes and presents his petition, claiming to have purchased the said cow and calf from Kenyon, and praying the court to order a return of the same to him. The ground of the application is

[1] [Reprinted from 3 N. B. R. 638 (Quarto, 157), by permission.]

that the marshal had no authority to take property out of the possession of any person claiming to be a purchaser of the same. The warrant issued under section 40 commands the marshal, among other things, "forthwith to take possession provisionally of all the property and effects of the debtor." This seems sufficiently broad to authorize the marshal to take possession of the property, etc., of the debtor, wheresoever, or in whose hands soever, the same may be found. But what is the marshal's authority under the warrant in a case like the present, in which the property was in the possession of another person, claiming to own the same, but which the petitioning creditor claims belongs to the debtor? Rule 13 of the general orders in bankruptcy, as amended by the supreme court at the December term, 1867, provides that "it shall be the duty of the marshal or messenger to take possession of the property of the bankrupt." * * * "Provided, however, that if any goods or effects so taken into possession as the property of the bankrupt, shall be claimed by or in behalf of any other person, the marshal shall forthwith notify the petitioning creditor of such claim, and may, within five days after so giving notice of such claim, deliver them to the claimant or his agent, unless the petitioning creditor * * * shall by bond * * * indemnify the marshal," etc. "And provided further, that, in case the petitioning creditor claims that any property not in possession of the bankrupt belongs to him, and should be taken by the marshal, the marshal shall not be bound to take possession of the same, unless indemnified in like manner." These provisions are intended for the protection of the marshal, but at the same time they contain a clear recognition of the authority of the marshal under the warrant to hold possession of property claimed by other persons when once in his possession, and to take possession of property not in the possession of the bankrupt, whether indemnified or not. If indemnified, it is made his duty to retain possession in the one case, and to take possession in the other, and he would be liable if he did not. If not indemnified, he is merely released from liability if he does not do it. His authority is derived from the warrant, and is as complete in the one case as in the other. With indemnity, he is bound to exercise his authority; without it, he may exercise it or not, at his option. See In re Muller [Case No. 9,912].

I am therefore of the opinion that the marshal had authority to take possession of the cow and calf in the hands of Goodrich, and the prayer of the petitioner must be denied. The merits of the question as to the validity of Goodrich's claim to the property are, of course, not affected by this decision.